Mary Margaret SIZER,
Plaintiff,

v.

Caspar WEINBERGER, Secretary, Health, Education & Welfare, Defendant.

Civ. A. No. 75–0027(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

Aug. 25, 1975.

J. H. Fulghum, Jr., King, Fulghum, Renick & Williams, Roanoke, Va., for plaintiff.

Ronald D. Hodges, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

In this case the court is requested to review the findings of fact made by an Administrative Law Judge from a hearing which he held to determine the validity of a claim for Social Security hospital benefits under 42 U.S.C. § 426. The claimant, Mary Margaret Sizer, is ineligible to receive those benefits unless she can show that during a period of about five years she was an "employee," within the meaning of 42 U.S.C. §

410(f) or (j), and had thereby amassed enough "quarters of coverage," under 42 U.S.C. § 412, to qualify for hospital benefits under 42 U.S.C. §§ 426(i) and 426a. The Administrative Law Judge found that she was not such an employee and thus not eligible for hospital benefits, and the Appeals Council affirmed. The claimant appealed to this court, and both parties have now moved for summary judgment. This court finds that the Administrative Law Judge's determination is supported by "substantial evidence" (42 U.S.C. § 405(g)), and we must therefore also affirm.

The claimant lived on, and helped manage, a small farm owned by her invalid mother and her brother. The claimant and her brother lived with their mother in a house on a portion of the farm owned by the mother. The brother owned some property adjoining his mother's property, and the family used both parcels together to support their modest agricultural enterprise. Toward the end of the 1960's the mother became increasingly helpless, and the brother and the claimant entered into a "contract" by which she would receive $15 per week from him for her efforts in caring for their mother and helping with the farm chores. This arrangement continued for about five years, when the mother died and the brother inherited the mother's property. The question before the Administrative Law Judge, and before this court is whether the contractual relationship between the claimant and her brother for that five years was an employee-employer relationship under the Social Security Act. The Administrative Law Judge found that it was not a relationship between employee and employer, but instead "a close family cooperative arrangement actually based on mutual love and affection." (transcript at 18) [1] The record substantially supports this finding.

---

1. The references to page numbers in the transcript are to the page numbers of the entire, final record, and not to numbers as-signed those pages before the final record was assembled.

The regulations of the Secretary of Health, Education and Welfare, 20 C.F.R. § 404.1004(c), give the Secretary's guidelines for the interpretation of the Act's requirement that the claimant be an "employee." [2] The regulations suggest that an employer-employee relationship exists when "the person for whom the services are performed has the right to control and direct the individual who performs the services." First, the evidence in the record makes it doubtful that the brother was the person for whom the claimant was performing services. The claimant admitted that "somebody" had to pay her "something" for her efforts (transcript at 54), which suggests that she needed money but not that her brother himself owed her for her services. Had the claimant been working for her brother, he would probably have had the right to dismiss her, but she herself admitted that her brother's authority to fire her was doubtful (transcript at 55). The wife of the claimant's brother testified that the brother felt that the claimant "was staying there doing, and she should have something for it" (transcript at 63), which strongly suggests that he was providing her with a gratuity and was not compensating her for the services she might have been performing for him.

Furthermore; it is doubtful that the brother ever had the right to control and direct his sister's performance. The claimant's admission that her duties after the contract was made were about the same as before (transcript at 46, 52) implies that she performed the duties she had assumed over the years, of which duties she had always been as much a judge as her brother. The fact that many of her duties were performed in their mother's house (transcript at 42) reinforces the inference of her independence. The brother did occasionally direct her to some farm chores that had to be done (transcript at 55), but it is difficult to say that those suggestions

and requests were any more than that; from the evidence in the transcript it is doubtful that the claimant was ever "subject to the will and control" of her brother, 20 C.F.R. § 404.1004(c), and was thus ever his employee.

For these reasons the court concludes that there is substantial evidence in the record to support the decision of the Administrative Law Judge. The claimant contends that she is being penalized by that decision, since any outsider who was paid to perform the same duties would certainly have received social security for his or her efforts. This reasoning misses the point, however; such an outsider would clearly be an employee under the terms of the Act, while the claimant is not clearly such an employee. To call a person an employee simply because his work could be performed by an employee would extend the definition of "employee" in § 410(j) of the Act beyond the scope of common law rules, to which that term is limited. This court therefore rejects that argument and affirms the Administrative Law Judge's decision. The defendant's motion for summary judgment is therefore granted.

---

2. The court is satisfied that the Secretary's regulations accurately describe the common law concept of the employer-employee relationship, as required by § 410(j) of the Act. *See* 53 *Am.Jur.*, Master and Servant § 2.